**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD LEE HENDERSON,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.
_______________________________/

CIVIL NO. 07-12753
CRIM NO. 04-80013

HON. GERALD E. ROSEN
MAG. JUDGE STEVEN D. PEPE

**OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on June 30, 2009

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Court

On October 10, 2008, Magistrate Judge Steven D. Pepe issued a Report and Recommendation ("R & R") recommending that the Court deny Petitioner Richard Lee Henderson's motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. The Court granted Petitioner's request for additional time to file objections to the R & R, and Petitioner filed his objections on May 13, 2009. Having reviewed the R & R and Petitioner's objections, as well as the parties' submissions in support of and opposition to the underlying § 2255 motion and the remainder of the record, the Court concurs in the Magistrate Judge's analysis and finds no merit in Petitioner's objections. Thus, for the reasons stated below, the Court adopts the Magistrate Judge's R & R as the opinion of this Court.

### A. *Subject Matter Jurisdiction*

Petitioner Henderson first contends that this Court lacked jurisdiction in the criminal case against him because the charges were not predicated on activities sufficiently related to interstate commerce. However, as explained in the R & R, this argument has been waived by Petitioner's failure to advance it on direct appeal. There are two circumstances that can excuse a defendant's failure to raise this type of claim on direct appeal: "(1) there was both 'cause' for the default and 'prejudice' that would result from failing to consider the challenge; or (2) the defendant was 'actually innocent' of the crime." *Waucaush v. United States,* 380 F.3d 251, 254 (6th Cir. 2004) (citing *Bousley v. United States,* 523 U.S. 614, 622 (1998)). In his objections to the R & R, Petitioner claims that his default should be overlooked because he is actually innocent. Petitioner contends that the Sixth Circuit's decision in *United States v. Turner*, 77 F.3d 887, 889 (6th Cir. 1996), upholding the constitutionality of 18 U.S.C. § 922(g), was implicitly overruled by the Supreme Court's rulings in *United States v. Morrison,* 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000). In Petitioner's view, it would be a miscarriage of justice to ignore this purported change in the law on grounds of procedural default.

Petitioner's argument is without merit and was properly addressed (and rejected) in the R & R. His failure to challenge subject matter jurisdiction at trial or on direct appeal cannot be disregarded because the cases he cites as changing the law were already decided and known to the Court and counsel at the time of his trial. In any event, the Sixth Circuit's decision in *Turner* has not been overruled by *Morrison* or *Jones.* This is clear as the result in *Turner* has been reiterated by numerous Sixth Circuit panels following the decisions in *Morrison* and *Lopez*. *See, e.g., United States v. Henry,* 429 F.3d 603, 619-20 (6th Cir. 2005); *United States v. Sawyers,* 409

F.3d 732, 735-36 (6th Cir. 2005). This Court is not at liberty to disregard Sixth Circuit rulings as purportedly inconsistent with prior Supreme Court precedent.

Petitioner relies on *Waucaush*, 380 F.3d at 255-58, for the proposition that possessing a gun that moved in interstate commerce is not sufficient to satisfy the Commerce Clause. In *Henry*, 429 F.3d at 619-20, however, the Sixth Circuit expressly rejected the contention that the decision in *Waucaush* cast doubt on prior Circuit precedent holding that a conviction under § 922(g) comports with the Commerce Clause so long as the weapon possessed by the defendant had previously moved in interstate commerce. In this case, there was evidence that the gun Petitioner was convicted of possessing had traveled in interstate commerce. Therefore, as Petitioner has not identified a basis for straying from established precedent, his claim that this Court lacked subject matter jurisdiction to hear the case against him is without merit.

***B. Effectiveness of Petitioner's Appointed Counsel***

To make a successful claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the *Sixth Amendment.*" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Next, the defendant must show that his counsel's deficient performance prejudiced him. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Supreme Court has emphasized that judicial review of a lawyer's performance should be "highly deferential." *Id.* Moreover, as the Sixth Circuit has explained:

> To establish prejudice, Petitioner must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result. *Strickland*, 466 U.S. at 694. When applying *Strickland*, if we can more easily dispose of an ineffective assistance claim based on lack of prejudice, we should follow that route. *Watson v. Marshall*, 784 F.2d 722, 726 (6th Cir. 1985).

*Ross v. United States,* 339 F.3d 483, 492 (6th Cir. 2003). As explained below, the Court concurs in the Magistrate Judge's conclusion that Petitioner's claims of ineffective assistance of counsel fail to satisfy the *Strickland* test, primarily because Petitioner has offered no evidence to establish that his counsel's performance was prejudicial.

*(1) Challenge to the Effectiveness of State Counsel Under the Project Safe Neighborhoods Program*

In his objections to the R & R, Petitioner contends that the Project Safe Neighborhoods ("PSN") program, through which his case was referred for federal prosecution, features a "gun case referral agreement" that affords a defendant an opportunity to consider a plea agreement in state court before he can be federally prosecuted. In support of this proposition, Petitioner cites *United States v. Nixon,* 315 F. Supp. 2d 876, 878-79 (E.D. Mich. 2004). In *Nixon,* however, the court merely held that a failure to explain a defendant's sentencing exposure can constitute ineffective assistance of counsel when that defendant has been offered a plea agreement in state court. The court did not hold that a defendant whose case is referred for federal prosecution through the PSN program *must* be offered a state plea agreement.

As observed in the R & R, a more appropriate analogy to this case is *United States v. Robinson,* 408 F. Supp. 2d 437 (E.D. Mich. 2005), in which no plea offer was extended to the defendant in the state court proceedings. This Court held that the defendant's state counsel was not deficient for failing to pursue a plea offer under the PSN, where there was no indication that such an effort would have succeeded or that the federal authorities would have agreed to the plea offer and elected to forgo prosecution in federal court. *Id.* at 444. Similarly, as there is no evidence here that Petitioner was offered a plea agreement in the state court proceeding, that a plea offer would have been forthcoming if sought by his state counsel, or that such an offer and

agreement would have successfully forestalled any federal prosecution, Petitioner cannot show any prejudice resulting from his federal counsel's failure to challenge the performance of his state court counsel. *See* R & R at 15-16.

*(2) Constructive Denial of Counsel*

Plaintiff also claims he was constructively denied the effective assistance of counsel in the state court proceedings because he should have been offered a state plea deal. The R & R sufficiently addressed this claim by stating, "The decision to charge a case in state or federal court is a decision committed to the discretion of the state and federal prosecutors. It is not something a defendant has a right to have his attorney involved in." Therefore, the decision to refer the case for federal prosecution was not a "critical stage of the proceeding in which [the defendant] had a right to participate and be represented by counsel." *See* R & R at 17. Moreover, Petitioner has offered nothing beyond his own bare speculation that a plea offer, if sought by his state counsel, would have been forthcoming. Thus, Petitioner's claim of constructive denial of counsel lacks merit.

*(3) Failure to Produce Witnesses*

Petitioner claims that his counsel's failure to produce Damon Miller at trial constituted ineffective assistance of counsel because Mr. Miller could have given helpful testimony regarding the circumstances surrounding his arrest. It is not disputed that Petitioner's attorney, Jonathan Epstein, spoke with Mr. Miller before trial and elected not to present him as a witness. As noted in the R & R, attorney Epstein evidently decided that Mr. Miller's testimony would not be helpful because he could not provide a complete account of the incident. "[G]iven the strong presumption of competence of counsel, it can be assumed, based on [counsel's] communication

with Mr. Miller and Attorney Epstein's subsequent exclusion of the witness, that it was not [in] Petitioner's interest to call Mr. Miller to the stand." R & R at 20.

Nonetheless, Petitioner has submitted an affidavit from Mr. Miller setting forth his anticipated testimony, and this affidavit, in Petitioner's view, belies his counsel's assessment of the value of Mr. Miller as a witness. This affidavit, however, was neither obtained nor filed with the Court until *after* the deadline for Petitioner to file a reply in support of his § 2255 motion – a deadline that was twice extended by the Magistrate Judge at Petitioner's request, resulting in Petitioner receiving over two additional months to file a reply and any supporting materials.[1] While Petitioner then sought a *third* extension, as well as an opportunity to conduct further discovery, the Magistrate Judge thoroughly explained in a November 10, 2008 order why this relief was not warranted, and the Court readily concurs in this reasoning. Most significantly, Petitioner has utterly failed to suggest why he could not have obtained Mr. Miller's affidavit far earlier in this proceeding, so that it could have accompanied his initial motion (or, at a minimum, a timely reply brief). As a result, Petitioner has failed to produce any cognizable evidence of prejudice resulting from his counsel's failure to call Mr. Miller as a witness, where the record that was timely presented for the Magistrate Judge's consideration offered no hint of any expected benefit from Mr. Miller's anticipated testimony. It follows that Petitioner cannot establish the second prong of the *Strickland* test as to his challenge to this aspect of his trial counsel's performance.

[1] In light of these extensions, the Court cannot accept Petitioner's assertion in his objections that he "was not given an opportunity to reply to [the] Government's [r]esponse to his § 2255 motion." (Petitioner's Objections at 8.)

*(4) Failure to Introduce Hospital Records*

Petitioner next claims that his counsel's failure to introduce his hospital records amounted to constitutionally deficient performance, as opposed to a legitimate strategic decision. In his objections to the R & R, Petitioner contends that these medical records would have shown that he was assaulted by the officers, and that he did not merely fall down to conceal the weapon he was charged with possessing. However, as the Magistrate Judge properly pointed out, the hospital records did not disclose any signs of serious distress or significant injury. "Merely demonstrating to the jury that a struggle occurred after the arrest would not help Petitioner in his defense to the charge[] of Felon in Possession of a Firearm." R & R at 21. Again, based on the strong presumption of counsel's competence, it is reasonable to conclude that attorney Epstein made a strategic decision not to include the hospital records as evidence. Moreover, even if this decision were deemed unwise, Petitioner has not demonstrated any prejudice that resulted from his trial counsel's failure to introduce the medical records, so this claim must fail under the second prong of the *Strickland* test.

*(5) Failure to Object to Testimony Elicited from a Government Witness*

Petitioner also claims that his trial counsel provided ineffective assistance by failing to object to Officer Jones's testimony on re-direct examination that Petitioner fell to the ground as an evasive measure to conceal his weapon, where this statement purportedly was an improper attempt to overcome an inconsistency in the officer's testimony on direct and cross-examination. As noted in the R & R, Officer Jones initially testified on direct examination that he saw Petitioner take a gun from his pocket and throw it to the ground, but defense counsel elicited testimony on cross-examination that Petitioner still has the gun in his possession when he fell, and counsel then questioned the likelihood that someone would fall with a loaded weapon in his

pocket. Against this backdrop, it was entirely proper to revisit this subject on re-direct in an effort to elicit testimony about why Petitioner might have chosen to fall despite having a loaded gun in his pocket, and Petitioner has failed to identify a viable ground upon which his counsel could have successfully objected to the admission of this testimony. In any event, the jury had an opportunity to hear and evaluate all of Officer Jones's testimony, including the cross-examination in which defense counsel brought out an apparent inconsistency, and was free to discount this witness's credibility or reject his testimony on re-direct in light of this inconsistency. Therefore, Petitioner "cannot show prejudice by claiming that but for this minor [additional] testimony [on re-direct] related to the fall, there was a reasonable probability that he would not have been convicted of the crime." R & R at 23.

*(6) Failure to Introduce Photo of the Scene*

Petitioner next faults his trial counsel for failing to properly authenticate and introduce into evidence a photograph of the location where the incident occurred. He argues this failure prejudiced him because it deprived the jury of its ability to "carefully observe the crime scene to assess which account of the incident was best supported by the physical location involved." (Petitioner's Objections at 21.) As explained in the R & R, however, Petitioner has failed to show how the admission of the photograph in evidence would have created a reasonable probability of a different outcome, particularly where defense counsel was able to use the photo to impeach Officer Stewart on cross-examination, and where Petitioner himself acknowledges that the principal use of the photo would have been to further challenge the credibility of Officers Stewart and Jones. (*Id.*) Once again, then, this claim of ineffective assistance of counsel does not meet the second prong of the *Strickland* test.

*(7) Failure to Conduct an Independent Investigation of Officer Stewart*

As his final challenge to the performance of his trial counsel, Petitioner claims that attorney Epstein was deficient in failing to conduct an independent investigation into Officer Stewart's past conduct and disciplinary record as an officer with the Detroit Police Department. He charges that his counsel merely relied on the information supplied by the Assistant United States Attorney, and that this failure to independently investigate the matter was objectively unreasonable. Petitioner claims, in particular, that his attorney should have sought to obtain a copy of the so-called "Bobb Report" referenced in *Chancellor v. City of Detroit*, 454 F. Supp. 2d 645, 660 (E.D. Mich. 2006), a report commissioned by the City of Detroit "to examine and make recommendations to address [the city's] extremely high costs in settling police misconduct lawsuits." Petitioner surmises that this report would have disclosed further instances of Office Stewart's past misconduct, beyond the two disciplinary matters disclosed by the Government.[2]

There are a number of problems with this claim of ineffective assistance. First, Petitioner assumes that the report in question would have been available to his counsel, whether from the docket in the *Chancellor* case or through other means. In fact, this Court's review of the docket in *Chancellor* reveals that the "Bobb Report" was never filed as an exhibit, but instead was submitted directly to the court. For this reason and others (including a claim of privilege), the City of Detroit challenged the admissibility of the report, and the court elected not to consider its contents. *See Chancellor*, 454 F. Supp.2d at 660 n.15. There is considerable reason to doubt, then, that Petitioner's counsel would have been able to gain access to this report. Moreover, it appears from the record in *Chancellor* that this report would not have not shed any light on the

[2] As noted by Petitioner, this aspect of his claim of ineffective assistance of counsel is not addressed in the R & R, nor did the Government address this matter in its response to Petitioner's underlying § 2255 motion.

past activities of Officer Stewart (or any other particular officer), as it evidently addresses in more general terms the high costs incurred by the City of Detroit in police misconduct suits, without in any way detailing how the conduct of specific officers might have contributed to these costs or what sort of misconduct a given officer might have been accused of in a given case.

In short, Petitioner has offered nothing more than rank speculation that a more searching inquiry by his trial counsel would have revealed further instances of misconduct or discipline in Officer Stewart's past. The time for producing evidentiary support for this speculation has come and gone. What is more, this Court's own inquiry has disclosed the lack of substance in Petitioner's speculation. It follows that Petitioner cannot show any deficiency in his counsel's performance in this regard, nor that he was prejudiced by any such alleged deficiency.

***C. Alleged Prosecutorial Misconduct***

Petitioner's final claim in support of his § 2255 motion is that the prosecutor permitted Government witnesses to offer perjured testimony before the grand jury and at trial. He alleges that the Assistant United States Attorney deliberately withheld information about Officer Stewart's history of misconduct, and was aware of additional evidence of this alleged misconduct. Yet, as explained in the R & R, Petitioner's claim is waived because he did not raise this issue at trial or in direct appeal. "Under Fed. R. Crim. P. 12(b) and (e) any challenge to the grand jury must be brought before trial or it is waived." R & R at 25. In addition, any claims that Petitioner could have raised on direct appeal but did not are deemed waived for purposes of a § 2255 motion. *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Because Petitioner has failed to make a showing of actual innocence, and has not shown cause for his failure to raise the issue of perjured testimony earlier, the Magistrate Judge correctly rejected this claim as waived.

In any event, the testimony and evidence offered by the Government's witnesses were found to be credible by the jury at trial, and the Sixth Circuit declined to disturb this credibility assessment on appeal. The Court of Appeals further found that the testimony of the arresting officers was not in conflict. Moreover, as explained above, Petitioner has failed to provide any evidentiary support for his assertion that the prosecutor withheld information bearing on Officer Stewart's credibility. Thus, even if Petitioner were able to show cause for his failure to challenge the officer's testimony in a timely fashion, he has not shown enough facts to warrant a finding of prejudice. Consequently, the Court finds no error in the Magistrate Judge's recommended disposition of this claim,

For these reasons, as well as the reasons set forth in the R & R,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's October 10, 2008 Report and Recommendation is ADOPTED as the opinion of this Court, as supplemented by the rulings in this opinion and order. IT IS FURTHER ORDERED that, for reasons stated in the Magistrate Judge's R & R and the additional reasons set forth above, Petitioner's motion to vacate, set aside, or correct his sentence (docket # 46) is DENIED. Next, IT IS FURTHER ORDERED that Petitioner's motion for docketing of previously filed motion (docket #65) and his motion for second enlargement of time to file objections (docket #70) are DENIED AS MOOT, in light of the Court's April 28, 2009 order granting Petitioner additional time to file objections and his submission of objections prior to this extended deadline.

Finally, in light of the very clear and well-settled grounds upon which this Court has denied Petitioner's various requests for relief in his motion brought under 28 U.S.C. § 2255, IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to any appeal that Petitioner might elect to pursue from this ruling.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: June 30, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Sheldon Light; Susan Gillooly, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Richard Lee Henderson, #32426-039, FCI –Allenwood, P.O. Box 2000, White Deer, PA 17887.

s/Ruth A. Brissaud

Case Manager