UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 04-cr-80013 |
| Plaintiff, | Stephanie Dawkins Davis |
| v. | United States District Judge |
| RICHARD LEE HENDERSON, | |
| Defendant. | |
| _____/ | |

**ORDER DENYING DEFENDANT'S**
**MOTION TO MODIFY SENTENCE WITHOUT PREJUDICE [ECF NO. 76]**

On October 28, 2004, Richard Henderson, Defendant, was found guilty of being a felon in possession of a firearm after a jury trial. He was sentenced to 235 months imprisonment on March 28, 2005. (ECF No. 40). On December 3, 2020, Henderson filed a Motion to Modify Sentence Pursuant to 18 U.S.C. 3582 (c)(1)(A), otherwise known as a motion for compassionate release. (ECF No. 76). Henderson cites the COVID-19 pandemic and his underlying health conditions as factors that justify relief. (*Id.* at PageID.452). Henderson also requested that this court appoint him a lawyer to represent him in this Motion. (*Id.* at PageID.452).

On December 22, 2020, the Government responded to Henderson's Motion. (ECF No. 77). The Government stated that Henderson has not yet exhausted his administrative remedies; therefore he is not able to move this court for

compassionate release.  (*Id.* at PageID.476).  The court agrees and for the reasons discussed below, will DENY Henderson's Motion at this time.

Title 18 U.S.C. § 3582(c)(1)(A) governs the authority of this court to consider motions for compassionate release.  As amended by the First Step Act of 2018, the statute permits judicial modification of a term of imprisonment when a defendant meets the following criteria: (1) he has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) "extraordinary and compelling reasons" warrant a sentence reduction; and (3) the court has considered the factors set forth in section 3553(a).  18 U.S.C. § 3582(c)(1)(A).

Henderson submitted documentation that shows he has submitted two requests to be placed in a residential reentry center ("RRC").  (ECF No. 76, PageID.454).  He also submitted a document that shows his request for placement in an elderly program.  (*Id.* at PageID.457).  RRC placement is where the BOP contracts with halfway houses to house inmates.  *See* Federal Bureau of Prisons, *Completing the Transition*, https://perma.cc/KW48-PEAT.  RRC is thus similar to home confinement.  However, requests for home confinement are not the same as requests for a reduction in sentence or a request for compassionate release.  *United States v. Allen*, No. 2:14-CR-024, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020) (stating that "a request for home confinement under the CARES Act is different

than a reduction-in-sentence (RIS) request based upon compassionate release"). Henderson has therefore not exhausted the administrative process for compassionate release, which is a mandatory requirement for this court to consider his Motion. *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).

Accordingly, Henderson's Motion is **DENIED** without prejudice. Henderson may re-file his motion for compassionate release, if necessary, upon exhaustion of his administrative remedies.

**SO ORDERED**.

Dated: January 8, 2021

s/Stephanie Dawkins Davis
Hon. Stephanie Dawkins Davis
United States District Court Judge